UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARRY ALMAN WILLIAMS,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS *et al.,*

        Defendants.

Case No.  C07-5232RJB

ORDER ALLOWING
AMENDMENT OF THE
COMPLAINT AND
REMANDING THE ACTION TO
THE PIERCE COUNTY
SUPERIOR COURT

      This action has been removed from the Pierce County Superior Court.  The action was originally filed as a civil rights action.  The action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court are plaintiff's motions to amend the complaint to drop all federal claims, and a motion to remand back to the Pierce County Superior Court.  (Dkt. # 9 and 10).

<u>PROCEDURAL HISTORY</u>

      Defendants removed this action and filed an answer (Dkt. #1 and 6).  The court entered a scheduling order (Dkt. # 7).  Twenty-one days after the action had been removed to federal court plaintiff

ORDER
Page - 1

1    filed the motion to amend and motion to remand (Dkt. # 9 and 10).

2         Plaintiff indicates he wishes to drop all federal claims and proceed with only state tort claims (Dkt.

3    # 10). He provides an eighty-nine page proposed amended complaint. Defendants oppose the motion and

4    argue plaintiff is attempting to hide his federal claims by "artful pleading" and still attempts to proceed with

5    deliberate indifference and equal protections claims which are federal claims (Dkt. # 11 and 12). The

6    proposed amended complaint does use the terms deliberate indifference and equal protection (Dkt # 10,

7    proposed complaint page 3). Plaintiff has asked for an extension of time to respond to defendants'

8    objections (Dkt. # 13).

9                                    DISCUSSION

10        The general rule is that the plaintiff is the master of his claim. <u>Caterpillar Inc. v. Williams</u>, 482 U.S.

11   386, 392 (1987). It is the plaintiff who decides which court to file in and whether to bring state claims,

12   federal claims, or both state and federal claims in an action. If there are federal claims in an action, the

13   defendant can remove the action to federal court. The first amended complaint filed in Pierce County

14   Superior Court contained federal claims and removal was proper.

15        Plaintiff now wishes to drop all federal claims and have the action returned to state court on only

16   state law issues (Dkt. # 9 and 10). Defendants argue plaintiff is attempting to disguise his federal claims

17   and that federal claims cannot be disguised by "artful pleadings" (Dkt. # 11 and 12). This argument does

18   not address the limitations placed on the "artful pleading" doctrine.

19        Where the only claim in the action is a federal claim, the federal court will re-characterize the claim

20   to uphold removal. <u>Schroeder v. Trans World Airlines Inc.</u>, 702 F.2d 189, 191 (9th Cir. 1983). Here,

21   plaintiff includes several tort claims and says he wishes to drop all federal claims (Dkt. # 10, proposed

22   amended complaint). The doctrine of "artful pleading"does not apply where there is a viable state law

23   claim. <u>Sullivan v. First Affiliated Securities Inc.</u>, 813 F.2d 1368, 1373 (9th Cir. 1987).

24        Plaintiff's motion to amend the complaint, (Dkt. # 10), is **GRANTED. ALL FEDERAL**

25   **CLAIMS ARE DISMISSED FROM THIS ACTION.** The motion to remand this action to state court,

26   (Dkt. # 9), is also **GRANTED**. Plaintiff's motion for an extension of time, (Dkt. # 13), is **DENIED AS**

27   **MOOT.**

28        The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants and to

1  remand this action to the Pierce County Superior Court under cause number 06-2-10488-4.   This file

2  should be administratively closed.

4           DATED this 21 day of June, 2007.

6                                _/S/ J. Kelley Arnold_

7                                  J. Kelley Arnold
                                   United States Magistrate Judge